O

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           LAREDO DIVISION


JULIAN GUADALUPE GONZALES,   §
ET AL,                       §
                             §
     Plaintiffs              §
                             §
                             §
vs.                          §     Civil No. L-05-213
                             §
                             §
ENTEX GAS MARKETING CO,      §
ET AL.                       §
                             §
     Defendants              §
                             §
                             §
```

## MEMORANDUM AND ORDER

Pending is the Plaintiffs' Motion to Remand (Docket No. 3) and Plaintiffs' Motion for Leave to File an Amended Complaint and Withdrawal of Previously Filed Motion for Leave to File Amended Complaint (Docket No. 7). Defendant State Industries, Inc. is opposed to both motions. Defendants, Entex Gas Marketing Co. and Entex Oil & Gas Co. (hereinafter referred to collectively as Entex), have also filed responses in opposition to both motions. (Docket Nos. 15 and 16). Entex is a Texas citizen for diversity purposes. State Industries, Inc. is a citizen of Tennessee.

### Motion to Remand

Plaintiffs originally filed this suit in Texas state court, naming only Entex as a defendant. They alleged that Entex, a

natural gas provider, negligently failed to warn them about a flammable vapor hazard involving a gas-powered water heater. Entex filed an answer.  Plaintiffs then filed an amended petition (Amended Original Petition) and added a new defendant, State Industries, Inc., the manufacturer of the water heater. Plaintiffs, however, did not reallege the negligence claims against Entex in this amended petition.  Indeed, that pleading alleged nothing to support a claim against Entex. State Industries filed a notice of removal (Docket No. 1) stating that Entex was fraudulently joined because the amended petition failed to state a claim on which relief could be granted. Plaintiffs then filed a motion to file another amended complaint (Docket No. 2) and a motion to remand. (Docket No. 3)  However, Plaintiffs then withdrew that motion and filed a new motion to file an amended complaint, which is now pending.  (Docket No. 7).

Validity of the removal must be determined by the pleadings at the time the removal occurred.  See Griggs v. State Farm Lloyds, 181 F.3d 694,700 (5th Cir. 1999).  At that time, no valid claims against Entex were alleged in the petition in state court. Therefore, the removal was proper.[1]

---

[1] The Plaintiffs' further allege that removal was not proper because State Industries did not acquire the consent of Entex prior to removal.  However, consent of a fraudulently joined defendant is not necessary. See Jernigan v. Ashland Oil Inc. 989 F.2d 812, 815 (5th Cir. 1993).

**Motion to amend**

The Court next considers whether Plaintiffs' motion to amend should be granted.  The proposed amendment would return Entex to the case and add a new defendant, CenterPoint Energy Resources Corp.  These parties would destroy diversity jurisdiction.

"A party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires." Fed. Rules of Civ. Proc. Rule 15(a).  However, the decision to grant an amendment that will destroy diversity jurisdiction is in the discretion of the court.  See Hensgens v. Deere & Co. 833 F.2d 1179, 1182 (5th Cir. 1987).  The addition of nondiverse defendants should be scrutinized more closely than a normal amendment. Id.  The court should balance "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." Id.  The factors to be considered include "the extent to which the purpose of the amendment is to defeat jurisdiction, whether plaintiff was dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.  The Court may well allow an amendment but probably not as to both defendants. Plaintiffs' proposed amended complaint makes identical negligence allegations against both CenterPoint and the Entex defendants.  (See Amended

Complaint; Docket No. 7). It is unlikely that both entities could be liable for the identical conduct.

Defendant State Industries further alleges that liability against a gas utility company in Texas does not exist as a matter of law in these situations.  However, the Fifth Circuit has recognized an exception when the gas utility company had actual knowledge that flammable vapor hazards are or will be stored near the appliance.  <u>See</u> <u>Entex v. Gonzales</u> 94 S.W.3d 1, 6 (Tex. App. - Houston [14th Dist.] 2002, *pet. denied.*) The current record does not conclusively establish the applicability of that exception.

The Court will allow the parties to conduct limited discovery to at least determine which gas utility company is properly involved in this case.  They can also develop the record on that entity's knowledge, if any, of the flammable vapor hazards.   The discovery must be completed by February 22, 2006.

4

**Conclusion**

For the foregoing reasons, the Plaintiffs' Motion to Remand is DENIED and Defendant Entex is DISMISSED without prejudice. Plaintiffs' Motion to File an Amended Complaint is DENIED without prejudice. Plaintiffs may filed a new motion to amend by March 13, 2006.

DONE at Laredo, Texas, this 23rd day of January, 2006.

_____
George P. Kazen
United States District Judge